O’NIELL, Chief Justice.
 

 The appellant was convicted of murder, without capital punishment, and sentenced to life imprisonment. His counsel contend that the crime was not murder, but manslaughter.
 

 The record contains two bills of exception, relating to the same subject. In one of the bills complaint is made of the refusal of the judge to give to the jury this special charge, requested by counsel for the defendant, viz:
 

 “There are some provocations which, with persons of even temperament, lose their power in a few moments; while there are others which rankle in the breast for days, and even weeks, producing temporary insanity. A man is not chargeable with malice when he is acting wildly and in hot blood. It is the province of the jury to decide whether there has been time for cooling.”
 

 In the other bill of exception, complaint is made of a part of the judge’s charge to the jury, in which the judge defined manslaughter, as a killing done in the heat of passion, on the spur of the moment. The defendant’s counsel objected to the expression, “on the spur of the moment.”
 

 Counsel for the defendant, in his argument to the jury, read from Wharton’s Criminal Law (12th Ed.) vol. 1, § 609, to the effect that, whether the time which elapsed from the provocation for a homicide and the commission of the homicide was sufficient for the person who did the killing to have cooled off, so as to make the killing murder, and not manslaughter, is a question of fact, depending upon the circumstances of the particular case, and the condition of the party doing the killing. The special charge which counsel for the defendant asked the judge to give to the jury, and which the judge refused to give, was taken, substantially, from the section which counsel for the defendant had read to the jury, from Wharton’s Criminal Law. The prosecuting attorney, in his closing argument to the jury, called a juror by name and said that the judge in his charge to the jury would give a definition of “manslaughter,” and would say that, in order for a felonious killing to he manslaughter and not murder, it would have to be done “on the spur of the moment.” The prosecuting attorney, therefore, asked the jury to'pay strict attention to that part of the judge’s charge, where he would say “on the spur of the moment.” Thereupon, counsel for the defendant asked to be allowed to see the charge, which the judge had written, and, when counsel had read it, he prepared the special charge which he asked the judge to give, and which tire judge refused to give.
 

 
 *321
 
 There was no exception taken to the argument of the prosecuting attorney, or to his calling one of the jurors by name and asking him to pay special attention to a particular passage in the judge’s charge, which was anticipated by the prosecuting' attorney. It is not good practice, to say the least of it, for an attorney to address a juror by name, or too intimately, particularly in referring in advance to a certain passage contained in the judge’s written charge for the jury. But we assume, that, if counsel for the defendant had complained- of this at the time, either the prosecuting attorney himself or the presiding judge would have removed any unfavorable impression that might have been caused by the incident. Hence we take it that no harm was done.
 

 The judge’s using the term “on the spur of the moment,” in defining manslaughter, was not prejudicial in this case, when considered in relation to all else that the judge said in defining manslaughter. His definition of manslaughter was fair and accurate. He did not convey the meaning, by the term “on the spur of the moment,” that a felonious homicide would be not manslaughter but essentially murder unless committed at the very instant of the provocation. The context of the judge’s instruction explained that, by the expression “on the spur of the moment,” the judge meant to say before there was time for the aroused passion and excitement of the defendant to cool off.
 

 We agree that, where the provocation for a felonious killing was resentment for bodily harm inflicted by the victim of the homicide, the question whether the time which elapsed between the provocation and the killing was sufficient to reduce the crime from murder to manslaughter is a question for the jury to decide, according to the circumstances of the case. The defendant was entitled to have the jury so instructed, as requested in the special charge which was asked for by his counsel. But that was the only part of the requested charge that the defendant was entitled to. And it was, substantially, embraced in the general charge which the judge gave to the jury. The judge was not obliged to tell the jury that there were some provocations which, with persons of even temperament, might lose their power in a few moments, while other provocations might rankle in the breast for days, or even weeks, producing temporary insanity. Theories of that kind are not clear-cut propositions of law, but subjects for the text-writers to discuss, in their works on criminal law. Besides, the defendant in this case did not plead insanity.
 

 From the facts stated in the per curiam of the judge, the crime which the defendant committed was one which the jury might well have considered not manslaughter, but murder. It was committed while the defendant was laboring under a sense of injustice, and suffering from wounds inflicted upon him with a knife, by the man whom he killed. But the killing was not done at the time of the difficulty in which the defendant was cut and stabbed, but was done an hour afterwards. Immediately after the difficulty in which the defendant was cut and stabbed, his assailant rode away on a wagon, and the defendant went, on foot, to his home, a mile away, and got a pistol, and proceeded
 
 *323
 
 on foot another mile, and overtook his assailant, and shot and killed him, without warning. According to the facts of the case, the charge which the judge gave to the jury-on the difference between murder and manslaughter, and the refusal of the judge to give the special charge which counsel for the defendant requested, did no injustice.
 

 The conviction and sentence are affirmed.